IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maria Garcia, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 1295 |
| Second Round, LP, a Texas limited partnership, and Second Round Sub, LLC, a Texas limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Maria Garcia brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Maria Garcia ("Garcia"), is a resident of the State of New York from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a GE Capital Retail Bank ("GE Capital") credit card account.  These collection actions took place despite the fact that she had exercised her rights to refuse

to pay the debt and be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, Second Round, LP ("Second Round"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Second Round operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Second Round was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Second Round Sub, LLC ("Second Round Sub"), is a Texas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Second Round Sub operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Second Round Sub was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendants are related or sister companies and are each bad debt buyers, who buy large portfolios of defaulted consumer debts for pennies on the dollar, which they then collect upon through other collection agencies.

7. Defendants are each authorized to conduct business in the State of Illinois

and maintain registered agents within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, Defendants conduct business in Illinois.

 8. Defendants are each licensed as debt collection agencies in the State of Illinois, <u>see</u>, record from the Illinois Department of Professional Regulation, attached as Exhibit <u>B</u>. In fact, Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

 9. Ms. Garcia is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a GE Capital credit card account. At some point in time after that debt became delinquent, Defendant Second Round bought/obtained Ms. Garcia's alleged GE Capital debt. When Defendant Second Round began trying to collect the GE Capital debt from Ms. Garcia, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

 10. Specifically, Defendant Second Round had another debt collector, The Schreiber Law Firm, demand payment of the GE Capital debt from Ms. Garcia, which did so by sending her a collection letter dated July 15, 2013. A copy of this collection letter is attached as Exhibit <u>C</u>.

 11. On August 20, 2013, one of Ms. Garcia's attorneys at LASPD informed Defendant Second Round, through its attorneys, that Ms. Garcia was represented by counsel, and directed Defendant Second Round to cease contacting her, and to cease all further collection activities because Ms. Garcia was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax

confirmation are attached as Exhibit D.

12. The affect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Nonetheless, Defendant Second Round then transferred the account to its related/sister company, Defendant Second Round Sub, which ignored the information in the account notes that told it that it could no longer call or write Ms. Garcia and had another debt collector, Rubin & Rothman, send Ms. Garcia a collection letter, dated December 5, 2013, demanding payment of the alleged GE Capital debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on January 15, 2014, Ms. Garcia's LASPD attorneys had to send Defendant Second Round Sub a letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendants to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violations of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had given notice to Defendants, in writing, that Plaintiff was represented by counsel, and had directed that Defendants cease contacting Plaintiff.  By directly sending Plaintiff a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.     Defendants' violations of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Maria Garcia, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Garcia, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marcia Garcia, demands trial by jury.

                            Maria Garcia,

                            By: /s/ David J. Philipps
                            One of Plaintiff's Attorneys

Dated: February 21, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com